UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL DOCKET NO. 10-058 |
|---|---|---|
| | * | |
| VERSUS | * | SECTION: "L"  MAG. 1 |
| | * | |
| MICHAEL MEANY | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

_____

**OPPOSITION TO THE GOVERNMENT'S NOTICE OF INTENT TO ADMIT EVIDENCE OF SIMILAR CRIMES PURSUANT TO RULE 413, NOTICE OF INTENT TO ADMIT INTRINSIC EVIDENCE, AND NOTICE OF INTENT TO INTRODUCE "OTHER ACT" EVIDENCE PURSUANT TO RULE 404(b) OF THE FEDERAL RULES OF EVIDENCE**

_____

**MAY IT PLEASE THE COURT**:

The Defendant, Michael Meany, respectfully files this opposition to the government's notice of intent to admit evidence of similar crimes in sexual assault cases pursuant to Rule 413 of the Federal Rules of Evidence, notice of intent to admit intrinsic evidence, and the alternative notice of intent to introduce evidence

of other crimes in its case-in-chief, pursuant to Rule 404(b) of the Federal Rules of Evidence.

### I.     Evidence of prior convictions.

First, the law is well-settled that felony convictions are only admissible as impeachment evidence. The government resultantly has no basis for introducing evidence of Mr. Meany's prior conviction unless Mr. Meany personally testifies. The fact that the Federal Rules of Evidence permit the introduction of prior felony or dishonesty convictions to impeach implicitly denotes that such evidence cannot be introduced for any other purpose. "In virtually every case in which prior convictions are used to impeach the testifying defendant, the defendant faces a unique risk of prejudice- i.e., the danger that convictions that would be excluded under Fed.R.Evid. 404 will be misused by a jury as propensity evidence despite their introduction solely for impeachment purposes." U.S. v. Denetclaw, 96 F.3d 454,460 (1st Cir. 1996)(emphasis added)(citing Fed.R.Evid. 609, advisory committee's notes). Given the unique prejudice suffered by criminal defendants through the introduction of prior convictions, the Court must not introduce such convictions unless they become necessary impeachment.

### II.    Evidence and testimony underlying Counts Two through Six.

Mr. Meany requests that the Court deny the government's attempt to admit the evidence connected to Count 2 through Count 6, except as conceded hereafter.

### A. Count 2-Production of Child Pornography.

Mr. Meany concedes, at this time and without waiving the right to raise any future objections on other evidentiary grounds, that the evidence supporting Count 2, that is that Victim 1 sent sexually explicit (and non-sexually explicit) images of herself to Mr. Meany's cell phone, is intrinsically intertwined with Count 1 of the indictment.

### B. Counts 3 and 4-Coercion and Enticement of Victim 2.

Mr. Meany submits that testimonial and physical evidence that he had sexual relations with Victim 2 after meeting with her in social networking websites is not relevant and inadmissible for the trial of Count 1. Mr. Meany confessed that he met Victim 1 on the internet and that he engaged in sexual relations with Victim 1 in Mississippi. Therefore, the evidence surrounding Victim 2 has no relevance for the issues remaining in the trial of Count 1.

The evidence of any sexual relations with Victim 2 is not admissible pursuant to Rule 413 of the Federal Rules of Evidence. Paragraph (d) of Rule 413 provides:

> "(d) For purposes of this rule and Rule 415, "offense of sexual assault" means a crime under Federal law or the law of a State (as defined in section 513 of title 18, United States Code) that involved--
> (1) any conduct proscribed by chapter 109A of title 18, United States Code;
> (2) contact, without consent, between any part of the defendant's body or an object and the genitals or anus of another person;
> (3) contact, without consent, between the genitals or anus of the defendant and any part of another person's body;
> (4) deriving sexual pleasure or gratification from the infliction of death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in paragraphs (1)-(4)."

Counts 3 and 4 of the indictment do not qualify as offenses "of sexual assault" because neither offense matches any of the five definitions set forth above. Although the government argues that Victim 2 "was not capable of consent" because of her age, the fact of the matter is that Victim 2 willingly engaged in the sexual contact. There is no allegation that even an iota of force was used during the encounters with Victim 2.[1]

Additionally, this evidence is not admissible either as "intrinsic" evidence

---

[1] Evidence admissible under Rule 413 is still subject to the Rule 403 balancing test, so it may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice." FED. R. EVID. 403; U.S. vs. Guidry, 456 F.3d 493, 503 (5th. Cir. 2006).

or pursuant to Rule 404(b). How is proof that Mr. Meany met and communicated with Victim 2 germane to whether he used force against Victim 1? Mr. Meany has admitted that he met and communicated with Victim 1 on the Internet and with cell phones. What is the true purpose of showing the jury a naked picture of Victim 2 when Mr. Meany admits to possessing a naked picture of Victim 1 on his cell phone? All of this evidence is simply not relevant to prove a plan, knowledge, or a pattern of conduct because, again, there are no allegations that force was used as to Counts 3 and 4. If the government alleged that Mr. Meany overcame Victim 2's will and used force to engage in sexual activity, perhaps the evidence would be admissible to prove he acted in a similar manner with regards to Count 1. However, since that is not the case, the only result achieved by introducing Count 3 and 4 evidence will be to try to convince and/or confuse the jury that Mr. Meany is a "bad" person who needs to be convicted on Count 1 because of, or partly because of, the crimes he committed in Counts 3 and 4.

    **C.**     **Count 5-Transfer of Obscene Material to a Minor.**

The same arguments set forth above relating to Counts 3 and 4 apply with equal force to the admission of Count 5 evidence. There is not the slightest bit of evidence that Mr. Meany used any force on Victim 3. Indeed, Mr. Meany never

even **met** Victim 3, as she lived and remained miles and miles away in Brewer, Maine. There are approximately 42 exhibits identified on the government's exhibit list that consist of notes, love letters, photographs (all clothed), and other errata involving Victim 3. Not one is intrinsic to the evidence and issues for Count 1. Not one is admissible through 404(b). All of this evidence on Count 5 may show that Mr. Meany was too concerned with this minor in Maine and that he sent illegal images to her over the internet. Similarly, he has already admitted to receiving images from Victim 1 and being sexually attracted to Victim 1. Considering this, allowing in Count 5 evidence to prove that Mr. Meany forcibly had sexual relations with Victim 1 in Mississippi would only either confuse the jury or possibly cause the jury to convict for the wrong reasons.

**D.     Count 6-Receipt of Child Pornography**

The images of child pornography also should be excluded because they are now irrelevant, not intrinsic, and not 404(b) material, as set forth above. Mr. Meany has confessed to having sexual relations with Victim 1. Why distress the jury with these disturbing images when Mr. Meany has confessed to having a sexual attraction to a minor? How do these images show that Mr. Meany had the intent to force himself on Victim 1? At the bottom line, this evidence should be

excluded under Rule 403 because this evidence would be grossly prejudicial given its non-existent probative value as to the issue of force.

### III. Conclusion.

If Mr. Meany's defense is that he is a eunuch, a homosexual, or that he never subscribed to Cox, perhaps the government's position would carry greater force. When Mr. Meany confesses to meeting Victim 1 on the internet and having sexual contact with her in Mississippi, all of this other evidence is no longer relevant, intrinsic or 404(b). Alternatively, it should **all** be excluded under Rule 403 given the unfair prejudice Mr. Meany would suffer in light of the probative value as to the issue of force.

Respectfully submitted:

Arthur A. Lemann III & Assoc, Inc.

BY:  <u>S/ Arthur A. Lemann IV</u>
     Arthur A. Lemann III (#8296)
     Arthur A. Lemann IV (#23189)
     643 Magazine Street, suite 300
     New Orleans, Louisiana 70130
     Phone: (504) 522-8104

     Attorneys for Defendant,
     Michael Meany

_____

**CERTIFICATE**
_____

     I hereby certify that on June 15, 2011, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Brian Klebba, Assistant U.S. Attorney.

                                          S/ Arthur A. Lemann IV