UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL DKT NO. 10-058 |
| VERSUS | * | SECTION: "L" |
| MICHAEL G. MEANY, JR. | * | |

\* \* \*

## FACTUAL BASIS

If this matter were to proceed to trial, the government would prove the following facts through competent evidence:

The government would prove that at all times mentioned in the Second Superseding Indictment, the defendant, **MICHAEL MEANY**, was a resident of the Eastern District of Louisiana, living in Metairie, Louisiana. The government would establish through self-authenticating evidence that the defendant was born on August 5, 1971.

The government would present evidence and testimony that on October 29, 2009, Special Agents from the U. S. Department of Homeland Security Immigration and Customs Enforcement (ICE) encountered the defendant at his Lake Avenue apartment. The government would also introduce evidence that the defendant voluntarily provided consent to agents to search his home, computers and cell phone. After receiving his *Miranda* rights, **MEANY** agreed to be questioned by the agents. ICE Special Agents Matt Wright and Lindsay Thomas would testify that **MEANY** told them the following information during their conversation.

- **MEANY** voluntarily admitted to federal agents that he used www.Teenspot.com to communicate online.

- MEANY admitted to them that on www.Teenspot.com he used a profile of a fourteen- to fifteen-year-old boy, but only told his real age after he began chatting. MEANY said that his chats did not begin sexually, but they progressed and became sexual.

Victim 1 would testify that she began conversing with someone on Teenspot named "Mike." "Mike" always asked her for her address because he wanted to come and meet her. Victim 1 would testify that she always said "no," until one night she told him where she lived. Victim 1 would testify that her cell phone number was (501) 213-7958.

Victim 1 would testify that on or about March 31, 2009, **MEANY** persuaded her to take sexually explicit images of her vagina and send those images to his cell phone. Victim 1 would testify that she had just turned 15 years old when **MEANY** convinced her to produce this child pornography. Those, and other photographs, would be introduced into evidence through the victim and ICE agents.

Victim 1 would testify that in about June or July of 2009, she was at home with her parents and brother, in her bedroom, when the defendant called her at about 9 or 10 p.m. She indicated to "Mike" that she did not want to meet with him. The defendant told Victim 1 that he had traveled a long way to meet with her and that if she did not come down to meet with him he would come to her apartment and speak to her Mom about what she had been doing with him on the internet. The defendant told her to meet him near the exercise room.

Victim 1 would testify that she left her apartment, telling her parents she was going to the gym to work out. Victim 1 would testify that she and **MEANY** proceeded to the work-out area of her apartment complex. Once inside of the apartment complex, **MEANY** engaged in illicit

sexual conduct as defined in 18 U.S.C. § 2246 with the 15 year old victim. Specifically, the defendant had oral and vaginal sexual contact with the victim.

Cellular telephone records of the defendant would be introduced to establish that the defendant traveled from Louisiana to Mississippi on July 24, 2009 and returned to Louisiana on July 29, 2009 after he engaged in the illicit sexual conduct described above.

_____  6-17-11
MICHAEL MEANY                    DATE
Defendant

_____  6-17-11
ARTHUR A. LEMANN, IV             DATE
Counsel for Defendant

_____  6/17/11
BRIAN M. KLEBBA                  DATE
Assistant United States Attorney

_____  6/17/11
PATRICE SULLIVAN                 DATE
Assistant United States Attorney