

U.S. Department of Justice

Eastern District of Louisiana
U. S. Attorney's Office

650 Poydras Street, Suite 1600
New Orleans, LA 70130

Telephone: (504) 680-3079
Fax: (504) 589-4395
Brian.Klebba@usdoj.gov

Brian M. Klebba
Assistant United States Attorney

U. S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   JUN 2 1 2012
LORETTA G. WHYTE
CLERK

June 11, 2012

Honorable Eldon E. Fallon
United States District Judge
Eastern District of Louisiana
500 Poydras Street, Room C-468
New Orleans, Louisiana 70130

      Re:    United States v. Michael G. Meany
              <u>Criminal Docket No. 10-058 "L"</u>

Dear Judge Fallon:

      The Government wishes to acknowledge the following agreement between the Government and Michael G. Meany, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Arthur Lemann, III, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

      The Government and the defendant agree to a sentence of twenty-two (22) years followed by a life term of supervised release. The Government and the defendant have entered into this post-plea sentencing agreement as a result of negotiations between the parties. Both the defendant and the Government agree that this agreement is mutually beneficial. Specifically, if accepted by this Court, the defendant will receive a sentence below the recommended sentencing guidelines range of 324-405 months as set forth in the Presentence Report (PSR) dated June 7, 2012. In return, the defendant agrees to withdraw his objections to the PSR, agrees to the waiver of appellate rights discussed *infra*, and agrees to make $1,000.00 in restitution to the legal representative of "Cindy."

      Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this agreement, knowingly and voluntarily:

      a.    Waives and gives up his right to appeal or contest his guilty plea, conviction, sentence, fine, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to his right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of his sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up his right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up his right to challenge the manner in which his sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

c. Waives and gives up his right to challenge his sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

d. The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post conviction challenge if he establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

Pursuant to this agreement, the defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for life. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he resides or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. He has been advised, and understands, that failure to comply with these obligations subjects him to subsequent prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY

_____
BRIAN M. KLEBBA
Assistant United States Attorney

_____   6/21/12
ARTHUR A. LEMANN, III                Date
Attorney for the Defendant

_____   6/21/12
MICHAEL G. MEANY                     Date
Defendant