# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| MICHAEL G. MEANY | Case Number: 10-58 - L |
| | USM Number: 31406-034 |
| | ARTHUR LEMANN, III |
| | Defendant's Attorney |

Social Security No.: xxx-xx-6259

**THE DEFENDANT:**

[✓] pleaded guilty to count(s) Two (2) through (6) of the Superseding Indictment on June 14, 2011 and to count One (1) of the Second Superseding Indictment on June 17, 2011.

[ ] pleaded nolo contendere to count(s)     which was accepted by the court.

[ ] was found guilty on count(s)     after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Count |
|---|---|---|
| 18 U.S.C. § 2251(a) | Production of Material Involving the Sexual Exploitation of Children | 2s |
| 18 U.S.C. § 2422(b) | Coercion and Enticement of a Minor to Engage in Sexual Activity | 3s, 4s |
| 18 U.S.C. § 1470 | Transfer of Obscene Material to a Minor | 5s |
| 18 U.S.C. § 2252(a)(2) | Receipt of Material Involving the Sexual Exploitation of Minors | 6s |
| 18 U.S.C. § 2423(b) | Travel with Intent to Engage in Illicit Sexual Conduct with a Minor | 1ss |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[X] Count(s) dismissed on the motion of the United States: Original Indictment and Count 1 of the Superseding Indictment.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

COURT REPORTER: DAVID ZAREK

ASST. U. S. ATTORNEY: BRIAN KLEBBA

PROBATION OFFICER: TRACY COLEMAN

JUNE 21, 2012
Date of Imposition of Judgment

_[signature]_
Signature of Judge

Eldon E. Fallon, United States District Judge
Name and Title of Judge
JUNE 25, 2012
Date

AO 245B (Rev. 09/11) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page 2 of 7

DEFENDANT: MICHAEL G. MEANY
CASE NUMBER: 10-58 - L

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of TWO HUNDRED SIXTY FOUR (264) MONTHS, as to count 1 of the Second Superseding Indictment and as to Counts 2, 3 and 4 of the Superseding Indictment; ONE HUNDRED TWENTY (120) MONTHS as to Count 5 of the Superseding Indictment and TWO HUNDRED FORTY (240) MONTHS, as to Count 6 of the Superseding Indictment, all such terms to be served concurrently.

[X] The court makes the following recommendations to the Bureau of Prisons:
that the defendant be committed to the Bureau of Prisons facility that is located in Marianna, Florida.

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:
at        a.m.    p.m.    on
as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 12:00 noon on
as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: MICHAEL G. MEANY
CASE NUMBER: 10-58 - L

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of LIFE as to Count 1 of the Second Superseding Indictment, for a term of LIFE as to Counts 2, 3, 4 and 5 of the Superseding Indictment and for a term of THREE (3) YEARS as to Count 6 of the Superseding Indictment.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as shown below, and shall not possess a firearm.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall not have any contact with any child under the age of 18, without the prior approval of the United States Probation Office. If approved, the defendant must be accompanied by a responsible adult who is aware of his/her conviction and supervision status, and who has been approved in advance by the United States Probation Office. Contact includes, but is not limited to: physical contact, verbal communication, and/or electronic communication such as e-mail. Contact also includes congregating and/or loitering around school yards, playgrounds, swimming pools, arcades, zoos or other places frequented by children under the age of 18. Incidental contact in normal daily commercial life such as, but not limited to, making purchases or merchandise at a retail establishment, is permissible.

The defendant shall not seek or maintain employment, volunteer, or participate in any program and/or activity allowing contact with children under the age of 18.

The defendant shall not purchase, possess, use or control cameras, camcorders, movie cameras, etc. without the approval of the United States Probation Officer.

The defendant shall not date or cohabitate with anyone who has children under the age of 18.

The defendant shall not view or possess any form of pornography, sexually stimulating or sexually oriented material including books, videos, magazines, cut-outs or pornography of any kind as deemed inappropriate by the United States Probation Officer and/or treatment staff. The defendant shall not enter any location where pornography or erotica are the primary products for purchase or viewing. The defendant shall not enter any location where the primary function is to provide adult entertainment.

The defendant shall not correspond or communicate in person, by mail, telephone, or computer, with individuals or companies offering to buy, sell, trade, exchange, or produce visual depictions of minors or adults engaged in sexually explicit conduct. The defendant shall not possess any material at any time, that depicts children under the age of 18, engaged in sexually explicit conduct, or possess any depictions of minors unclothed.

The defendant shall obtain residences as approved by the United States Probation Officer. The defendant shall notify the United States Probation Officer of any locations where mail or like matter is received. The defendant shall not obtain a new mailing address, post office box or the facility of any private business for the delivery and receipt of like matter without the approval of the United States Probation Officer.

The defendant shall not associate with any group, club, individual, or organization, formal or informal, which supports and/or encourages the sexual exploitation of children.

The defendant shall abide by a curfew, with the hours to be determined by the United States Probation Officer.

The defendant shall provide the United States Probation Office with accurate information about the defendant's entire computer system (hardware/software); all passwords used by the defendant; and the defendant's Internet Service Provider(s); and will abide by all rules of this Court's Computer Restriction and Monitoring Program.

The defendant shall pay any fine/restitution/CJA fee that is imposed by this judgment.

Random Urinalyses: The defendant shall undergo random urinalyses, as directed by the U.S. Probation Officer. If the defendant tests positive for the use of illegal narcotics, he/she may, as determined by the probation officer, participate in an approved treatment program for substance abuse and abide by all supplemental conditions of treatment, unless directed otherwise by the Court. Participation may include inpatient/outpatient treatment. The defendant shall contribute to the cost of this program to the extent that the defendant is deemed capable by the U. S. Probation Officer.

The defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the United States Probation Officer.

The defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining written permission from the United States Probation Officer.

The defendant shall participate in an orientation and life skills program, as directed by the United States Probation Officer.

DEFENDANT: MICHAEL G. MEANY  
CASE NUMBER: 10-58- L

Judgment — Page 5 of 7

# ADDITIONAL TERMS OF SUPERVISED RELEASE

The defendant shall submit to a mental health evaluation. If treatment is recommended, the defendant shall participate in an approved treatment program and abide by all supplemental conditions of treatment, to include medication as prescribed. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

The defendant shall not possess or use for any purpose, a computer, or television, or other instruments of communication equipped with on-line, Internet or World Wide Web access, or access computers or other forms of wireless communication via third parties.

The defendant shall participate in an approved sex offender treatment program, to include psychological testing and/or a polygraph examination (or similar device), as directed by the United States Probation Officer, and abide by all supplemental conditions of sex offender treatment, to include, but not limited to signed releases of information. Participation may include inpatient/outpatient treatment. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment. Sex offender assessments and treatment shall be conducted by therapists and examiners approved by the United States Probation Office. Any results of a polygraph examination (or the like) would not be used for the purpose of revocation of Supervised Release. The results will be reported by the United States Probation Office to appropriate treatment personnel. If disclosure is required by mandatory reporting child abuse or child sexual abuse laws, the results will be reported to appropriate law enforcement and related agencies with the approval of the Court. If the results reveal possible new criminal behavior, this will be reported to the appropriate law enforcement and related agencies after obtaining approval from the Court.

The defendant shall comply with all federal, state and local sex offender laws, as outlined by the United States Probation Officer.

The defendant shall allow the United States Probation Office to conduct periodic unannounced examination of his/her computer equipment, which may include retrieval and copying of all data from his/her computer and any internal and external peripherals to ensure compliance with the conditions and/or removal of such equipment for the purpose of conducting a more thorough inspection. The defendant shall also consent, at the direction of the United States Probation Officer, to having installed on his/her computer, at his/her expense, any hardware or software to monitor computer use.

DEFENDANT: MICHAEL G. MEANY
CASE NUMBER: 10-58 - L

# CRIMINAL MONETARY PENALTIES

☐ The defendant must pay any imposed fine or restitution under the schedule of payments on Sheet 6.

☑ The Court finds that the defendant does not have the ability to pay a fine. The Court will waive the fine in this case.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 600 | $ -0- | $ 1,000.00 |

☑ **The special assessment is due immediately.**

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| "Cindy Series" | $1,000 | | |
| **TOTALS** | $ 1,000.00 | $ | |

☐ Restitution amount ordered pursuant to plea _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MICHAEL G. MEANY
CASE NUMBER: 10-58 - L

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal monthly installments of $ ___ , to commence ___ ; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

The defendant is ordered to pay restitution in the total amount of $1,000.00 to the victim in the "Cindy Series," with payments to begin while defendant is incarcerated. Upon release, any unpaid balance shall be paid at a rate of $50 per month. The payment is subject to increase or decrease, depending on the defendant's ability to pay. Restitution payments shall be made to the Clerk, United States District Court, and is to be forwarded to the following address:

U.S. CLERK'S OFFICE ATTN.: FINANCIAL SECTION 500 POYDRAS STREET ROOM C151 NEW ORLEANS, LOUISIANA 70130

The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for enforcement of this order.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:
as referenced in the Superseding Indictment and Second Superseding Indictment

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.